**EXHIBIT F**

August 7, 2013

Anthony Rossmiller
Diepenbrock & Cotter, LLP
1545 River Park Drive, Suite 201
Sacramento, CA  95815

RE:  Sepe v. Gordon Trucking, Inc. et al.
     United States District Court, Eastern District of California
     Case No.: 2:12-CV-01639-KJM-GGH

## Vocational Rehabilitation Evaluation of Robert Anthony Sepe, Jr.

### ASSIGNMENT

This evaluation focuses on the employment and earning potential of Robert Sepe, Jr. following the motor vehicle accident of September 13, 2010. The assessment addresses issues related to wage loss, past and future. Concluding opinion will outline the timeframe and occupational options for Mr. Sepe's employment in the labor market. Identification of appropriate vocational goals was completed with consideration of employability factors to include physical demands, tasks and skills required, and opportunity for securing employment in the Sacramento Area, where Mr. Sepe resides. All information gathered regarding medical, education and vocational background was accomplished through review of the records provided. I have not personally interviewed Robert Sepe Jr. Resources utilized in this assessment process will be identified. This report provides the summary information of the assessment process, foundation, and opinions that will be expressed at trial.

### PROCESS OF ASSESSMENT

- Review of case documents provided
- Identification of 'Worker Profile'
- Consideration of information and opinion regarding the medical status and restrictions/abilities
- Review of appropriate vocational resource information related to geographic area, occupational requirements and labor market

- Identification of (sample) occupational goals within the vocational rehabilitation hierarchy
- Development of vocational plans
- Gathering of job and wage information
- Conclusion / opinions

## DOCUMENTS PROVIDED FOR REVIEW

The listed documents were provided for review and are foundation for opinions:

- Deposition transcript of Robert Anthony Sepe, Jr. – February 21, 2013 Exhibits 1 – 18
- Plaintiff's Responses & Production of Documents, Set One
- Philip Orisek, MD – records x2
- Defendants Gordon Trucking, Inc. and Elwood Hill's Rule 26 Reports and Expert Witness List – dated June 17, 2013
- Bruce M. McCormack, MD – IME report of May 15, 2013
- Jerome Barakos, MD – report of June 14, 2013
- Tami Rockholt, RN, BSN – report of February 18, 2013
- Laurence Neuman, PE – report of June 13, 2013
- Exodus Designs & Surfaces – records
- Block Tops, Inc. – records
- Plaintiff's Responses to Interrogatories, Set No. One
- Radiological Associates of Sacramento / Radiology – records
- Radiological Associates of Sacramento – records x2
- Alivio Medical Group /Business Office – records x4
- Alan M. Hirahara, MD - records
- Sutter Memorial Hospital - records
- California Highway Patrol – records
- Knott's Leader Pharmacy - records
- Kim's Leader Pharmacy – records
- Kaiser Hospital and PMB / Livermore – records
- Kaiser Hospital/PMG North Valley – records x2
- Sacramento Orthopedic Center/Billing Department – records x2
- Sacramento Orthopedic Center – records x2
- Campus Commons PT/Business Office – records x3
- Campus Commons Physical Therapy – records x2
- Sutter Central Billing – records x2
- Mercy Healthcare Billing – records
- Rush Billing – records
- Allmed Medical Center – records x2
- Allmed Medical Center/ Business Office – records
- Discovery Diagnostics Medical Group, Inc.
- Alemad, Inc. – records

- Sutter General Hospital – records
- UC Davis Medical Center – records
- County of Sacramento Medical Indigent Services Program – records
- Diagnostic Pathology Medical Group – records
- Precision Medical Group – records
- Active Diagnostics, Inc. – records
- Central Anesthesia Service Exchange – records
- Timberlake Respiratory Care & Home Medical Equipment – records
- Woodland Memorial Hospital – records
- Walter John Crawford, PT – records
- Placer Surgery Group – records
- Progressive Casualty Insurance – records
- Medfin – records
- University Medical Imaging – records
- Center for Interventional Spine – records x2
- Bruce M. McCormack, MD – Supplemental IME report of June 10, 2013
- Robert Mistretta, CPA, MBA – Report of July 10, 2013
- Robert Mistretta, CPA, MBA – Deposition transcript, July 24, 2013 (exhibits)
- Gregory Sells – Reports of June 4, 2013 and June 21, 2013
- Gregory Sells – Deposition transcript of July 24, 2013 (with exhibits)
- 2004 Tax Return filed by Mr. Sepe
- 2005 Earnings Statements from Genesis Tile Corp
- 2006 Earnings Statements from Genesis Tile Corp
- 2006 W-2 from Design Select Precision Stone Works
- 2006 pay stubs (2) from Design Select Precision Stone Works

## ADDITIONAL RESOURCES UTILIZED FOR ASSESSMENT

- Occupational Information Network O*NET
- <u>Dictionary of Occupational Titles</u> (US Department of Labor)
- <u>Revised Handbook for Analyzing Jobs (RHAJ)</u>
- <u>Bureau of Labor Statistics, US Department of Labor, Occupational Outlook Handbook</u>, 2012-13
- State of California, Employment Development Department -Training Program Information
- State of California, Employment Development Department – Labor Market Info – Projections of Employment by Occupation; Labor Market Information Division
- Schools/training facilities regarding GED prep and test, and short term training
- Economic Research Institute, Salary Assessor, Wage & Salary Survey (Sacramento CA)
- Employment Search Sites (i.eSimplyhired.com; USjobs; Jobsonline.net; Job.com; Job-hunt.org; CareerBuilder.com)
- Job Accommodation Network

- Telephone conversation with Bruce McCormack, MD – July 31, 2013

## OVERVIEW

Robert Sepe Jr. is thirty-eight years old and presently resides in Sacramento California. Mr. Sepe has never been married and has no children. He lives with a roommate. Mr. Sepe reports that he has not served in the military and has never been convicted of a felony. Mr. Sepe is right-handed.

Educational records were not available for review. Information gathered from other sources, including Mr. Sepe's deposition testimony, revealed that Mr. Sepe did not finish his high school education. He reports attending high school through the 11th grade and then transferred to a continuation school for his 12th-grade year. He did not finish his independent study at the continuation school and dropped out, or was forced out of the school; he does not remember the details. Mr. Sepe never returned to high school to complete his senior year. He has not pursued a GED (General Educational Development) and has not attended any other schooling. His primary avocational interests before the accident of September 13, 2010, were skateboarding, bike riding (BMX and road), bike racing, camping, fishing and hiking. He has not returned to these activities with the exception of taking short bike rides, occasionally going fishing and taking brief walks.

Employment for Robert Sepe Jr. began when he left high school his senior year and went to work in warehouse positions. He reports that the warehouse jobs were obtained through a temporary agency. He then worked for Roundtable Pizza for 1-2 years, working in various capacities that were not specifically described but assumed to be entry-level. Following Roundtable Pizza, Mr. Sepe was employed for several years as a house painter with McCarthy Painting. More detail on these employment positions was not available.

Mr. Sepe's employment history eventually led him to work as an Installer in the countertop construction industry. He has described that he did solid surface installation of Corian, laminate and granite on counters and tub surrounds. He reported that his work sometimes involved being Head Installer and that his experience included supervising others with one employer. A detailed chronology of his employers and earnings will not be repeated in this report but is available in my work file. A summary of Mr. Sepe's employment in the countertop construction field included the following companies: We're Tops Countertops, Genesis Tile Corp/Tileco, Design and Select Precision Stonework, and Alamed/Exodus Design. Mr. Sepe also worked for a couple weeks in 2010 at Block Tops but his position was terminated due to a failed drug test. He reported that the drug test must have had a false/positive reading. Mr. Sepe's most recent employer at the time of the September 2010 MVA was Alamed/Exodus. Mr. Sepe was not actively working as an Installer at the time of the accident and was between jobs with the company. He told Gregory Sells,

plaintiff's vocational rehabilitation consultant, that he was "off contract" during the time of the accident and waiting to get called back to work. Wage records indicate that over the years he was paid various rates for his work as an Installer, ranging from a low of $15 per hour and high of $23 per hour. Overtime rates were time and half. Mr. Sepe's work history as an Installer of solid surfaces was not fluid. There were periods when he worked regularly but there were significant periods of time where there is no documented income for weeks, months and sometimes years. Mr. Sepe did not have a bank account during his years of employment. He has stated that he loved his work as an Installer and had planned on remaining in this occupation. He has not returned to this work since September 13, 2010.

The only additional paid work activity that Robert Sepe reports since September 13, 2010, was some cleaning of floors that he did for a friend. For this work he earned a couple hundred of dollars. Mr. Sepe received a lump sum check for a State Disability claim reported to have been received in December 2012 for approximately $5000 or a little over that amount. He has applied for Social Security Disability but has not received these benefits, to my knowledge. At the time of his deposition in February of 2013, Mr. Sepe stated that he had been receiving food stamps for the past two years. He has no income.

Review of medical documents provided indicates that Robert Sepe reported neck pain, mid-back pain between shoulder blades, low back pain, left lower extremity pain with numbness in left thigh, numbness and tingling in fingertips bilaterally, numbness in right foot, ongoing neck and low back pain with associated numbness in both lower extremities, and pain radiating into his lower extremities, all resulting from the motor vehicle accident on September 13, 2010. He first sought treatment following the MVA on November 10, 2010, and has been in treatment since that time. Mr. Sepe has had extensive diagnostic studies of the cervical, lumbar and thoracic spine, and left shoulder. He has attended physical therapy and massage treatment, received pain medications, and underwent a posterior spinal fusion with instrumentation at L4-5 in December 2011. His primary physicians have been and continue to be Dr. Mark Diaz and Dr. Philip Orisek, MD. Details of all medical file review are in my work file and will not be repeated in this report. It is noted that there is information in the medical file to indicate that Mr. Sepe was previously treated for low back pain and complaints, dating back to 2002.

**PLAINTIFF'S PRESENT INVOLVEMENT IN VOCATIONAL ACTIVITY**

Robert Sepe attended a vocational interview and testing assessment with Gregory Sells. The interview took place on May 24, 2013, and the vocational testing was conducted on May 31, 2013. A brief summary of his test scores is as follows:

<u>Gates-MacGinitie Reading Test</u>
    Vocabulary: PHS (Post-High School)
    Reading Comprehension: 11.4 GE (Grade Equivalency)
    Total Score for Reading: 12.9 grade PHS (Post-High School)
<u>Standard Progressive Matrices – RAVEN</u> (measures ability for logical thinking and abstract reasoning - indicator of 'ability to learn')
    68th percentile for his age group
<u>Mathematical Subtest:</u>
    Was able to add whole numbers and correct w decimal points
    Was not able to perform multiplication or division of whole numbers
    Was inconsistent in subtraction and working with fractions
<u>Wide Range Interest Opinion Test 2</u> (WRIOT)
    Most scores were low re occupational interests
    Highest response pattern: 'Dislikes many jobs' and 'clear and strong likes and/or dislikes'
    Areas ranked highest were Build/Repair, Heavy Equip Operator, Factory/Assembly

It is noted that no aptitude tests were administered to Mr. Sepe during the vocational assessment. Additionally, no detail is provided regarding behavioral observations during testing participation. In my opinion, the testing results gathered are positive due to Mr. Sepe's solid score on the Raven and his reading achievement level. These two scores represent his ability to learn new information, function in daily personal and work life regarding instructions and communications, and assure that he could be expected to learn new skills in the future. Certainly the performance on the math test needs to be addressed as it relates to GED preparation and future employment goals. Since Mr. Sepe did complete the 11th grade of school it is assumed that his past math achievement was greater than measured on May 31, 2013. It could be that he tested poorly in this area because he is not using math skills in his daily life and needs to be re-exposed to mathematic principles. It could be that this has always been a difficult subject area for him. Since we do not have his school records, I do not know his background performance in this subject. Mr. Sepe's academic profile regarding math ability can be addressed and vocational objectives selected for his future that do not require advanced math concepts.

Mr. Sepe has not been involved in school or work activity since the date of the MVA in September 2010. He has not attempted to prepare for or complete his GED certificate. When asked about his vocational future Mr. Sepe indicated he doesn't see himself as physically able to work. He would like to return to work in the countertop industry or woodworking occupations as he enjoys working with his hands. Regarding the possibility of attending school, Mr. Sepe told Greg Sells that he is not confident of his academic skills and would prefer 'hands-on'

learning.  There has been nothing noted in the reports or deposition of Greg Sells to suggest a specific vocational goal or plan of any kind.  It is Mr. Sells testimony that Mr. Sepe is not medically at a point to be able to determine his vocational options.  Mr. Sells stated that he is "waiting on the medical" before setting forth any kind of plan for Mr. Sepe to get back to work.  Mr. Sells did not suggest to Mr. Sepe that he attempt to get his GED, though in testimony Mr. Sells acknowledges that obtaining his GED would be "very helpful to him" to get employed in the future.  Mr. Sells testified that he was not aware of on-line home study courses available for GED.

## STRENGTH FACTOR / PHYSICAL DEMANDS

For the purposes of my vocational rehabilitation assessment, consideration has been given to all of the medical records, reports and testimony made available to me.  A list of the medical information provided has been noted in this report and will not be repeated in this section.  The summary notes from my document review are included in my work file and available, if requested. Consideration has been given to Mr. Sepe's subjective complaints and abilities as related to his left shoulder weakness, neck and low back.  There is disagreeing opinion regarding the cause, extent of injury, and diagnoses of Mr. Sepe's reported medical problems after the MVA of September 13, 2010; this will be resolved through litigation. However, there is agreement that Mr. Sepe should not return to his work as an Installer of solid surfaces given the heavy work required.  Given this assumption, physical demands were closely considered in the process of this assessment.

A review of job tasks and essential functions was completed on those occupations that I identified for Robert Sepe Jr.  All vocational objectives selected in this assessment are within the 'Sedentary' or 'Light' Category regarding Physical Demands.  Specifically, the following physical limitations were used in selecting the feasible vocational goals that represent Mr. Sepe's employability following the September 13, 2010 accident:

- No lifting or carrying over 25 lbs
- No repetitive bending and stooping
- Prolonged sitting and standing should offer opportunity for shift of position approx 5 minutes each hour

These physical restrictions were provided by Dr. McCormack in a telephone conversation on July 31, 2013.  Dr. McCormack also provided opinion that Mr. Sepe could have started vocational activity nine-to-twelve months after his lumbar surgery.

## DISCUSSION / SUMMARY OPINIONS

The following Vocational Rehabilitation Hierarchy was used in this assessment:

- Return to work in usual job with same employer
- Return to work in usual job with accommodation, same employer
- Return to work in alternative job with new employer (direct job placement)
- Return to work following on-the-job or short-term skill building
- Return to work following formal training

Robert Sepe Jr. will not be returning to his past work in the countertop construction field as an Installer of solid surfaces. Modified work for this position might be found but would not be reliable. Based on this, the first two steps in the Vocational Rehabilitation Hierarchy were eliminated.

Feasible vocational options have been identified for Direct Job Placement and Short-Term Training. It is important to note that these options are based on Mr. Sepe's existing Worker Profile. The Worker Profile includes his education, employment history, and transferable skills. The goals are also based on physical demands and skills required, and job availability. Vocational goal descriptions, training program details and wage reference materials are part of my work file.

The following are sample vocational plans for Mr. Sepe:

1) <u>Direct Job Placement</u>
    Sample job titles:
        Order Filler (Sedentary) (Light)
        Scheduler - Materials, Equipment (Sedentary)
        Warehouse Clerk; Shipping/Receiving Clerk; Order Clerk (Light)
        Estimated Salary:
        Year 1 starting earnings:  range of $26,000. - $31,000. per year
        Year 6 earnings:           range of $36,000. - $44,000. per year
    Estimated Return to Work:  September 16, 2013
    *Assumes participation in vocational efforts could have started 12/15/2012.*

2) <u>Short-Term Training (Cost $15,000.00)</u>
    Sample job titles:
        Dispatcher  - Construction, Motor Vehicle (Sedentary)
        Customer Service – Construction industry (Sedentary - Light)
        Warehouse / Inventory Control Clerk (Light)
        Security Guard (Light)
    *Estimated Salary:
        Year 1 starting earnings:  range of $31,000. - $36,000. per year
        Year 6 earnings:           range of $45,000. - $50,000. per year
    Estimated Return to Work:  March 17, 2014
    *Assumes participation in vocational efforts could have started 12/15/2012.*

3) <u>Short-Term Training (Cost $15,000.00)</u>
    Sample job titles:
        Dispatcher - Construction, Motor Vehicle (Sedentary)
        Customer Service – Construction industry (Sedentary - Light)
        Warehouse / Inventory Control Clerk (Light)
        Security Guard (Light)
    *Estimated Salary:
        Year 1 starting earnings:  range of $31,000. - $36,000. per year
        Year 6 earnings:              range of $45,000. - $50,000. per year
    Estimated Return to Work:  November 17, 2014
    *Assumes participation in vocational activity begins 8/15/2013.*

*Wage information provided based on 'Median' wages from Economic Research Institute for Sacramento California.*

**CONCLUSION**

Mr. Sepe could be involved presently with efforts to get his GED certificate and this activity could have started many months ago. There are numerous resources, many free of charge, that provide opportunity for Mr. Sepe to engage in this pursuit. There are neighborhood GED prep programs offered through the community adult school system. There are private school offerings, as well. These programs offer tutoring and administer the tests. Involvement in these programs is not full-time and most of the studying is done at home. There are also on-line GED courses as well that include sample tests, tutoring, and classes. Certainly the on-line classes require access to a computer. If Mr. Sepe does not have access to a personal computer of his own or one that belongs to a friend or family member, there are computers available for free at the public library. There is nothing noted in the medical file to indicate that Mr. Sepe is restricted from attending such a class or pursuing his GED certificate. It is my opinion that he should be directed to complete his GED immediately as this will enhance his employability in the future in any occupation. Additionally, I do not think Mr. Sepe is limited to hands-on training. There are short-term training programs that offer settings that are both hands-on and academic in nature. Finally, I am somewhat perplexed by Mr. Sells' testimony that he needs additional medical information before proceeding with vocational recommendations as it is clear that Mr. Sepe will not be returning to his past occupation. It is typical that vocational rehabilitation counselors work with, and make plans for, individuals during and after their medical treatment.

There are job titles noted in this report and others detailed in my case file. All wage information was gathered through Economic Research Institute and other resources previously listed. All wage and job search completed was focused on the Sacramento California Area.

*Vocational Consultation Report*
*Re: Robert Anthony Sepe, Jr.*
*August 7, 2013*
*Page 10*

I have enclosed a copy of my current Curriculum Vitae, Fee Schedule, and a record of testimony as a retained expert witness during the past four years. I have no publications in the past ten years.

Should new information become available impacting conclusions expressed, a revision of my opinions may be expected in a supplemental report.

Submitted by:

*[signature]*

Carla H. Kelley, MRC, CRC, CDMS

Attachments:
Curriculum Vitae
Fee Schedule
List of Testimony

# CARLA HUFF KELLEY, MRC, CRC, CDMS
1300 Clay Street, Suite 600   Oakland, CA 94612   (510) 466-6337
MAILIING ADDRESS: 3144 N. G Street • Suite 125-291 • Merced, CA  95340

## QUALIFICATIONS
* Thirty-three years experience as a Vocational Rehabilitation Counselor and Consultant.
* Twenty-eight years experience as Expert Witness on vocational feasibility & rehabilitation.
* Case management to include disability and return-to-work coordination, long-term disability, workers compensation programs, and private referral clients.
* Specialized training and experience evaluating individuals with Severe Disabilities, including Traumatic Brain and Spinal Cord Injuries.
* Advanced Training in Life Care Planning and Disability Management.
* Experience with early intervention and program development for managing absenteeism and medical issues impacting work performance and work return.
* Agreed and Independent Vocational Evaluator.

## PROFESSIONAL SERVICES
* Employment, Rehabilitation, and Transferable Skills Assessment
* Vocational Exploration, Counseling, and Plan Development
* Disability Management
* Job Analyses and Job Accommodation Assessment
* Earning Potential Analyses
* On-The-Job Training and Employment Development
* Placement Assistance

## EXPERIENCE

10/85 to Present   **Vocational Rehabilitation Counselor/Consultant - Private Practice**
San Francisco/Oakland/Central Valley CA;United States

11/82 to 9/85   **Rehabilitation Specialist**
International Rehabilitation Associates, Oakland, CA

3/80 to 11/82   **Vocational Rehabilitation Counselor**
Bureau of Vocational Rehabilitation, Dayton, OH

## EDUCATION
1982 - M.R.C.   Masters in Rehabilitation Counseling
Wright State University, Dayton, OH

1980 - B.S.   Vocational Rehabilitation Education
Wright State University, Dayton, OH

## CERTIFICATIONS
CRC   -   Certified Rehabilitation Counselor #17626
CDMS -   Certified Disability Management Specialist #00938

## PROFESSIONAL MEMBERSHIPS
IARP   International Association of Rehabilitation Professionals
NRA   National Rehabilitation Association
NRCA   National Rehabilitation Counseling Association
ACA   American Counseling Association

# CARLA H. KELLEY, MRC, CRC, CDMS
*Vocational and Rehabilitation Consultant*

# **EXPERT WITNESS FEE SCHEDULE**

**Professional - $240.00/hr.**
(case review / appointments / research)

**Deposition - $400.00/hr**

**Trial - $400.00/hr.**

**Retainer - $2500.00**

(Tax ID Number: 94-3118402)

1300 Clay Street • Suite 600 • Oakland, CA 94612 • Fax: 209-626-5419 • Tel: 510-466-6337
**MAILIING ADDRESS: 3144 N. G Street • Suite 125-291 • Merced, CA 95340**
email: CarlaKelley@cell2000.net

# CARLA H. KELLEY, MRC, CRC, CDMS
*Vocational and Rehabilitation Consultant*

## Expert Testimony 2008 through July 2013

| CASE | COURT | YEAR |
|---|---|---|
| Frausto v Abbate, Alia Corp | *CA Superior Court – Merced County (CV 000322)* | 2012 D |
| Wong v AAA Northern CA, Nevada & Utah | *(No. ARB-UIM)* | 2012 D |
| Clisura v Wong | *CA Superior Court – Alameda County (RG-10-494572)* | 2012 DT |
| Pearce v Purification Lionsgson | *CA Superior Court – San Francisco County (CGC10499984)* | 2011 DT |
| Meyers v BNSF | *CA Superior Court – San Joaquin County (CV 026140)* | 2011 D |
| Cook v UPRR | *Second Judicial District Court Nevada, Washoe County (CV09-02724)* | 2011 DT |
| Gilmore v UPRR | *US District Court Eastern District of California (2:09-CV-02180-JAM-DAD)* | 2011 D |
| Jackson v UPRR | *CA Superior Court – Placer County  (SCV 24033)* | 2010 D |
| Schindler v UPRR | *CA Superior Court – County of Kern (S-1500-CV 266480-SPC)* | 2010 D |
| Weaver v. BNSF | *CA Superior Court – County of Contra Costa (C07-00524)* | 2009 T |
| Delsid v BNSF | *CA Superior Court – County of San Joaquin (CV034374)* | 2009 D |
| Hays v UPRR | *CA Superior Court – County of Sacramento  (34-2008-00013547)* | 2009 D |
| Weaver v. BNSF | *CA Superior Court – County of Contra Costa* | 2008 D |
| Sidhu v Flextronics | *State of California – Industrial Commission* | 2008 D |
| Stevenson v BNSF | *CA Superior Court – County of San Joaquin* | 2008 D |
| Rossi v Toy's Transportation | *CA Superior Court – County of Solano* | 2008 D |
| Mansour v Spears, et al | *CA Superior Court – County of Contra Costa* | 2008 D |

D: Deposition
T: Trial

1300 Clay Street • Suite 600 • Oakland, CA 94612 • Fax: 209-626-5419 • Tel: 510-466-6337
MAILIING ADDRESS: 3144 N. G Street • Suite 125-291 • Merced, CA 95340
email: CarlaKelley@cell2000.net