DIEPENBROCK & COTTER, LLP
JOHN P. COTTER, State Bar No. 158783
ANTHONY R. ROSSMILLER, State Bar No. 215652
1545 River Park Drive, Suite 201
Sacramento, California 95815
Telephone: (916) 565-6222
Telecopier: (916) 565-6220

Attorneys for Defendants
GORDON TRUCKING, INC. and ELWOOD HILL

# UNTIED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SEPE, JR.,<br><br>    Plaintiff,<br><br>vs.<br><br>GORDON TRUCKING, INC. A Washington Corporation, ELWOOD HILL and and DOES 1 through 30,<br><br>    Defendants. | Case No.  2:12-cv-01639-TLN-CKD<br><br>**DEFENDANTS GORDON TRUCKING, INC. and ELWOOD HILL's NINTH MOTION IN LIMINE TO PRECLUDE NON-DISCLOSED EXPERT WITNESSES FROM OFFERING EXPERT OPINIONS AT TIME OF TRIAL**<br><br>TRIAL<br>Date:   August 24, 2015<br>Time:   9:00 a.m.<br>Dept.:   2 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Defendants GORDON TRUCKING, INC. and ELWOOD HILL ("Defendants") move for an order, in limine, precluding Plaintiff ROBERT SEPE JR. ("Plaintiff") from allowing any of his treating physicians to provide expert witness testimony at time of trial. The basis for this motion is that plaintiff has failed to disclose any of his treating physicians as expert witnesses as required by this Court's scheduling order of October 23, 2012. Because of this failure, Federal Rules of Civil Procedure, Rule 26(a)(2)(A), (a)(2)(B), the terms of the Court's scheduling order, and related case law mandate that Plaintiff's treating physicians should be excluded from providing expert opinion testimony at time of trial.

The motion will be heard on August 24, 2015 at 9:00 a.m. in Courtroom 2 of the United

States District Court for the Eastern District of California, located at 501 I Street, Sacramento, California.

# I.

# **BACKGROUND RELEVANT TO THIS MOTION**

This case was initially assigned to the Honorable Kimberly J. Mueller. On September 20, 2012, the parties appeared before the Honorable Gregory G. Hollows, the Magistrate Judge assigned to oversee their initial scheduling conference. A final pre-trial scheduling order was issued after the conference on October 3, 2012. A true and correct copy of the scheduling order is attached to the declaration of counsel accompanying this motion as Exhibit "A". Judge Hollows' order was very specific regarding the disclosure of expert witnesses, providing the following:

> *All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than June 17, 2013. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B). By July 17, 2013, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject. The supplemental designation shall be accompanied by a written report which shall also comply with the conditions as stated above. <u>Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial</u>. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition. <u>For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the</u>*

> ***purposes of litigation). Each party shall identify whether a disclosed expert is percipient, retained, or both.*** *It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons. All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation. All expert discovery shall be completed by September 1, 2013.*
>
> (Exhibit "A", Page 2: 12-28; 3: 1-15; *emphasis added*).

A treating physician's testimony is undoubtedly likely to involve what would be defined as "expert" testimony. While such experts are not specifically retained, their percipient knowledge qualifies them as an expert. Such experts are described as "an actor with regard to the occurrences from which the tapestry of the lawsuit was woven," with the opinion testimony arising not from enlistment as an expert but from "ground-level involvement in the events giving rise to the litigation." Downey v. Bob's Discount Furniture Holdings, Inc., 633 F.3d 1, 6 (1st Cir. 2011); Fielden v. CSK Transp., Inc., 482 F.3d 866, 869 (6th Cir. 2007). For this reason, treating physicians must be disclosed as expert witnesses and provide Rule 26 reports under the Court's above order. It is important to note that the Court's scheduling order specifically addresses the issue here—percipient experts. As set forth above, a treating physician fits the definition of a percipient expert. Regardless of whether the expert is percipient—a treating physician—or retained expert (which can also be a treating physician), the Court's Scheduling Order requires a Rule 26 disclosure of that expert and a proper Rule 26 report.

The final pre-trial scheduling order also warned the parties that it would "contain a stringent standard for the offering of trial of witnesses" and that the "standard would be strictly applied." (Exhibit "A", Page 6: 10-12). Finally, the order provided that the pre-trial scheduling order would not be modified except by leave of court upon a showing of good cause. (Exhibit "A", Page 7: 18-22).

1    The Honorable Troy Nunley was re-assigned this case on April 3, 2013 for all purposes.

2    On June 7, 2013, Plaintiff's counsel served his Expert Witness Disclosure. A copy of that
3    disclosure as received by defense counsel is attached to the attorney declaration accompanying
4    this motion as Exhibit "B". Exhibit "B" disclosed two retained expert witnesses, Gregory Sells, a
5    life care planner, and Robert Mistretta, an economist. None of Plaintiff's treating physicians were
6    disclosed as expert witnesses. (See, Exhibit "B", Pages 1-2).

7    The parties stipulated to extend the date for Rebuttal Expert Disclosure from July 27, 2013
8    to August 7, 2013.  On July 12, 2013, Judge Nunley signed the order modifying Judge Hollows'
9    October 3, 2012 scheduling order to reflect the parties' stipulation. No other modifications to the
10   Scheduling Order were made. A true and correct copy of Judge Nunley's order is attached to the
11   attorney declaration accompanying this motion as Exhibit "C".

12   On August 7, 2013, Plaintiff's counsel submitted a Supplemental Expert Disclosure. A
13   copy of that disclosure is attached to the declaration of counsel accompanying this motion as
14   Exhibit "D". No treating physicians of Plaintiff were disclosed as expert witnesses in the
15   supplemental disclosure. (See, Exhibit "D", Pages 1-2).

16   On October 7, 2013, Plaintiff's current counsel informed the court that he believed the
17   trial would take longer than the original 5-day estimate. In response to this, Judge Nunley issued
18   an order on October 16, 2013 vacating the Final Pretrial Conference set for January 30, 2014 and
19   Jury Trial date of March 31, 2014, resetting the dates as follows: Jury Trial was reset for July 14,
20   2014; and the final pre-trial conference was reset for May 8, 2014. A copy of Judge Nunley's
21   order is attached to the attorney declaration accompanying this motion as Exhibit "E". There were
22   no other modifications to the scheduling order.

23   On May 16, 2014, Judge Nunley issued another order; on the court's own motion, the Jury
24   Trial date of July 14, 2014 was vacated and reset for August 3, 2015, with a Final Pretrial
25   Conference set for June 4, 2015. A copy of Judge Nunley's order is attached to the attorney
26   declaration accompanying this motion as Exhibit "F". No other modifications to the scheduling
27   order were made.

28   On May 16, 2014 defense counsel objected to the court's order resetting trial to August 3,

2015 due to defense counsel having a pre-paid vacation on that date. In response, on May 30, 2014, the court issued another order continuing the trial to the current trial date of August 24, 2015. A copy of that order is attached hereto as Exhibit "G". No further modifications to the scheduling order were made.

On May 28, 2015, the parties submitted their Joint Pre-Trial Statement. A copy of the Statement is attached to the attorney declaration accompanying this motion as Exhibit "H". Therein, Plaintiff listed the following witnesses that may be called at time of trial: Mark Diaz, M.D.; Philip J. Orisek, M.D.; Phillip Lanum, P.A.; Natalie Beggs, Physical Therapist; Megan Cassady, Physical Therapist; Jon S. Thomas, Physical Therapist; and Van Buren Lemons, M.D. (Exhibit "H", Page 9: 10-26). The preceding individuals treated plaintiff for his medical conditions and all appear to be treating physicians or "percipient experts", thus subject to Rule 26 disclosure and report requirements.

Drs. Diaz, Orisek, and Lemons; Physical Therapists Beggs, Cassady and Thomas; and P.A. Lanum should be precluded from providing expert opinion testimony at time of trial. Save for the trial dates and dates by which pre-trial filings were to be made, Judge Hollows' initial scheduling order explicitly requiring disclosure of percipient witnesses in this case has never been modified or nullified notwithstanding the transfer of this case to Judge Nunley. Statutory and case law support this penalty. Defense counsel has fully complied with the strict requirements of the scheduling order. Defense counsel has relied upon Plaintiff's disclosure coupled with the terms of the scheduling order and, as a result, has not deposed any of these individuals. Defendants would be prejudiced were these individuals allowed to provide expert testimony at this time as Defendants would be forced to depose them on the eve of trial. Defendants would further bear the burden of submitting the undisclosed experts' opinions to defendants' own, properly disclosed experts including the cost and significant extra work required to do so. Accordingly, Defendants' motion should be granted. The aforementioned treating physicians, as well as any other treating medical care providers, or percipient experts not disclosed by Plaintiff should be prohibited from providing any expert opinion testimony at time of trial.

///

## II.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. PLAINTIFF'S FAILURE TO ABIDE BY THE COURT'S SCHEDULING ORDER MANDATING DISCLOSURE OF TREATING PHYSICANS AS EXPERT WITNESSES REQUIRES THAT THEY NOT BE PERMITTED TO OFFER EXPERT OPINION TESTIMONY AT TIME OF TRIAL.**

### 1. Application of F.R.C.P. 26

Plaintiff did not disclose his treating doctors in his expert witness disclosure (Exhibit "B", *supra*). The treating doctors were not disclosed in Plaintiff's supplemental disclosure. (Exhibit "D", *supra*). Plaintiff was unequivocally required to make such a disclosure of his percipient experts per the court's initial scheduling order, which warned Plaintiff that such experts would be excluded if not disclosed (Exhibit "A", *supra*). Exclusion of undisclosed treating physicians' expert testimony is the proper, resultant consequence for Plaintiff's failure to abide by the clear, unambiguous language of the scheduling order. Pertinent authorities on this topic demonstrate that the exclusion sanction is appropriate and warranted. Federal Rule of Civil Procedure 26(a)(2) is dispositive, stating:

> *Disclosure of Expert Testimony*
>
> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming

them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

(Federal Rule of Civil Procedure 26(a)(2)(A-B), *emphasis added*).

On its face, F.R.C.P. 26(a)(2)(B) requires disclosure of expert witnesses and an accompanying expert report. F.R.C.P. 26(a)(2)(A) further requires that a party must disclose the identity of any expert witness it intends to use at trial. Parties are required to make expert disclosures "at the times ***and in the sequence that the court orders***." FRCP 26(a)(2)(D). Here, Plaintiff has failed to abide by Rule 26(a)'s requirements. Plaintiff has likewise ignored the requirements of the scheduling order <u>requiring</u> disclosure of both "percipient" and "retained" experts (Exhibit "A", *supra*). Coupled with the scheduling order, exclusion of expert opinions from the aforementioned percipient experts, or any other undisclosed expert is therefore appropriate.

### 2. **Applicable Case Law**

If a party fails to timely disclose its expert witnesses in a manner prescribed by the court, the party is **not** allowed to use that witness to supply evidence, unless the failure was substantially justified or is harmless. (FRCP 37(c)(1)). Rule 37(c)(1) "gives teeth" to the disclosure requirements of FRCP 26(a)(2)(A). <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion of improperly disclosed expert witnesses, is "self-executing…and automatic to provide a strong inducement for disclosure of material…" <u>Id.</u> at 1107; see also <u>Torres v. City of Los Angeles</u>, 548 F.3d 1197, 1213 (9th Cir. 2008).

To determine whether the untimely disclosure was harmless, a court may consider "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed.Appx. 705, 713 (9th Cir. 2010), citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003). See also, Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Here, Defendants carefully followed the requirements of the scheduling order. In reliance thereupon, Defendants did not take the depositions of the aforementioned percipient experts as they were not disclosed as experts. The Federal Rules mandate early expert disclosure to avoid the problem of excessive discovery and disclosure of opinions immediately prior to trial. Given that the scheduling order was in place more than a year prior to Plaintiff's disclosure of expert witness information, and given that the scheduling order explicitly mandated disclosure of treating physicians, there is no basis to allow these undisclosed persons to provide expert opinion testimony at time of trial. Defendants should not have to bear the burden, cost, and headache of attempting to obtain these persons' opinions as a result of Plaintiff's failure to follow the scheduling order. Defendants' reliance is well-placed—similar to this case, the 9th Circuit Court of Appeals held that a trial court did not abuse its discretion in excluding a party's expert witnesses when that party failed to disclose the experts and provide expert reports due to a failure to read the court's scheduling order. Goodman v. Staples, The Office Superstore, LLC 644 F.3d 817, 826 (9th Cir. 2011). The Goodman court further found that treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required. See, Id.; *see also* Meyers v. National Railroad Passenger Corporation, 619 F.3d 729, 734-735 (7th Cir. 2010) *and* Barack v. American Honda Motor Co., Inc., 293 FRD 106, 109 (D CT 2013). Here, Plaintiff has neither disclosed the experts nor provided reports from his treating physicians, who may ostensibly offer opinions beyond those arising from their percipient observations. The aforementioned treating physicians and/or any other individuals not disclosed by Plaintiff should therefore be precluded from offering expert opinions at time of trial.

Disregard of the scheduling order may constitute grounds to exclude a non-designated expert witness. See, Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993): "Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault. Ignoring the requirements of a scheduling order constitutes good cause for evidentiary sanctions including the preclusion of expert witnesses by the court: "Parties must understand that they will pay a price for failure to strictly comply with scheduling…orders and that failure to do so may properly support severe sanctions and exclusions of evidence." Wong v. Regents of the University of California, 410 F.3d 1052, 1060 (9th Cir. 2005); *see also* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992): "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."

Based on these authorities, it is clear that the court has authority to strike an undisclosed expert's opinions or a subsequently offered report for failure to comply with pre-trial orders. See, e.g. In re: Arizona, 528 F.3d 652, 657 (9th Cir. 2009): "Rule 16 further recognizes the inherent power of the district court to enforce its pretrial orders through sanctions, FRCP 16(f), and the discretion of the trial judge to apply an appropriate level of supervision as dictated by the issues raised by each individual case." Id. citing FRCP 16(c)(2)). The court further stated: "Failure to comply with the scheduling order exposes a party to "any just orders", as determined by the trial judge, including dismissal, entry of default or contempt of court." Id. citing FRCP 16(f), 37(b)(2).

Here, it is indisputable that Plaintiff failed to comply with Judge Hollows' scheduling order. The order required disclosure of all "percipient" experts and expert reports from each of them (see Exhibit "A", *supra*).  As a result, Plaintiff should be precluded from offering expert opinion testimony from the aforementioned treating physicians, and/or any other undisclosed expert, retained or non-retained, who attempts to offer expert opinion testimony at time of trial.

### III.

### CONCLUSION

This Court's scheduling order was unambiguous and required Plaintiff to disclose his treating physicians as percipient expert witnesses. Plaintiff failed to comply with this

requirement. The 9th Circuit has consistently held that the exclusion of testimony from such undisclosed experts is an appropriate consequence for disregard of a scheduling order. For the reasons stated, the Court is respectfully requested to grant this motion in its entirety precluding Mark Diaz, M.D.; Philip J. Orisek, M.D.; Phillip Lanum, P.A.; Natalie Beggs, Physical Therapist; Megan Cassady, Physical Therapist; Jon S. Thomas, Physical Therapist; Van Buren Lemons, M.D.; and/or any other undisclosed treating physician, or any other undisclosed expert witness from offering expert opinion testimony at time of trial.

Respectfully submitted.

DATED:  August 3, 2015

DIEPENBROCK & COTTER, LLP

By: _*/s/ Anthony R. Rossmiller*_
JOHN P. COTTER
ANTHONY R. ROSSMILLER
Attorneys for Defendants
GORDON TRUCKING, INC. and
ELWOOD HILL

# DECLARATION OF COUNSEL

I, ANTHONY R. ROSSMILLER, declare as follows:

1. I am an attorney licensed to practice law before this Court. I am an attorney with Diepenbrock & Cotter, counsel of record for GORDON TRUCKING, INC. and ELWOOD HILL, defendants herein. I have personal knowledge of this declaration and could competently testify thereto if called as a witness.

2. Attached hereto as Exhibit "A" is a copy as received by me of a Scheduling Order issued by the Honorable Gregory G. Hollows which issued on October 3, 2012.

3. Attached hereto as Exhibit "B" is a copy as received by me of plaintiff's served Expert Witness Disclosure, dated June 17, 2013.

4. Attached hereto as Exhibit "C" is a copy as received by me of a modified Scheduling Order issued by the Honorable Troy Nunley on July 12, 2013.

5. Attached hereto as Exhibit "D" is a copy as received by me of plaintiff's Supplemental Expert Disclosure dated August 7, 2013.

6. Attached hereto as Exhibit "E" is a copy as received by me of a modified Scheduling Order issued by the Honorable Troy Nunley on October 16, 2013.

7. Attached hereto as Exhibit "F" is a copy as received by me of a modified Scheduling Order issued by the Honorable Troy Nunley on May 16, 2014.

8. Attached hereto as Exhibit "G" is a copy as received by me of a modified Scheduling Order issued by the Honorable Troy Nunley on May 30, 2014.

9. Attached hereto as Exhibit "H" is a true and correct copy of the parties' Joint Pre-Trial Statement which was served on May 28, 2015.

I declare under penalty of perjury that the foregoing is true and correct except as to matters stated on information and belief, and as to those matters, I believe them to be true.

Dated this 3rd day of August, 2015, in Sacramento, California.

                                            */s/ Anthony R. Rossmiller*  
                                            ANTHONY R. ROSSMILLER