UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SEPE, JR., | No. 2:12-cv-01639-TLN-CKD |
| Plaintiff, | |
| v. | **ORDER DENYING COSTS** |
| GORDON TRUCKING, INC.; ELWOOD HILL; and DOES 1-30, | |
| Defendants. | |

The matter is before the Court pursuant to Defendants Gordon Trucking, Inc. and Elwood Hill's bill of costs, and Plaintiff Robert Sepe, Jr.'s objections. (ECF Nos. 152 & 155.) Defendants were the prevailing parties by jury trial in this matter. Judgment was entered on September 16, 2015. (ECF No. 145.)

Under Fed. R. Civ. Proc. 54 (d)(1), the prevailing party in a lawsuit shall recover its costs "unless . . . a court order provides otherwise." Fed. R. Civ. P. 54 (d)(1). The rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591–92 (9th Cir. 2000).

Defendants seek costs in the amount of $15,249.85, including: $1,168 for fees of the clerk; $934.04 for fees for service of summons and subpoena; $7,178.24 for transcript fees;

1

1  $5,326.99 for witness fees; and $624.58 for fees for exemplification and the costs of making
2  copies.  (ECF No. 152.)

3  Plaintiff argues as follows.  First, under Local Rule 292: "Within fourteen (14) days after
4  entry of judgment or order under which costs may be claimed, the prevailing party may serve on
5  all other parties and file a bill of costs conforming to 28 U.S.C. § 1924."  Here, judgment was
6  entered on September 16, 2015.  Defendants' bill of costs was not filed until October 28, 2015.
7  Thus, filing of the bill of costs was untimely under Local Rule 292.

8  Second, under Local Rule 292, "The cost bill shall itemize the costs claimed and shall be
9  supported by a memorandum of costs and an affidavit of counsel that the costs claimed are
10 allowable by law, are correctly stated, and were necessarily incurred."  No supporting
11 memorandum was filed by Defendants.  Plaintiff argues the witness fee computation fails to
12 provide a sufficient justification for costs.  Specifically, no explanation is given for why Elwood
13 Hill ($3629.27) was required to attend eleven days of trial.  No explanation is given for the
14 $1,377.72 listed in the "subsistence" column for Tami Rockholt, R.N., who attended one day of
15 trial.  The witness fees associated with Hill and Rockholt make up almost the entire costs amount
16 for witnesses.  There is also no itemization of the costs incurred for transcripts, which is the
17 largest cost of the bill ($7,178.24).

18 Third, Plaintiff argues that defense counsel has not submitted an affidavit representing that
19 the costs are permissible, correctly stated, and were necessarily incurred.  Plaintiff is correct,
20 although the boilerplate costs bill itself includes a signed declaration from counsel attesting to
21 essentially the same thing.

22 Fourth, equity concerns may override the presumption of cost recovery when the suit involves
23 issues of substantial public importance; the issues are close and difficult; there is great economic
24 disparity between the parties or a lack of financial resources by one party; the losing party's case had
25 some merit; or imposition of costs may have a chilling effect on future litigation.  *Mexican-Am.*, 231
26 F.3d at 591–92; *Stanley v. Univ. of S. California*, 178 F.3d 1069, 1079–80 (9th Cir. 1999).
27 Plaintiff argues that in this case he is currently surviving on less than $15,000 per year in disability
28 payments.  Thus, there is economic disparity between Plaintiff and Gordon Trucking, Inc., which

1 | Plaintiff avers is a "billion dollar corporation." (ECF No. 155 at 4–5.) Plaintiff also argues this
2 | lawsuit was brought in good faith.
3 |      Plaintiff has set forth valid reasons why costs should not be awarded to Defendants.
4 | Defendants have not responded to Plaintiff's objections or otherwise provided support for those
5 | representations in its bill of costs which are challenged by Plaintiff. Because Defendants' bill of costs
6 | is untimely, the bill lacks a supporting memorandum, there is great economic disparity between the
7 | parties, and Plaintiff's case was not without merit, Plaintiff's objections (ECF No. 155) are
8 | SUSTAINED, and costs to Defendants (ECF No. 152) are DENIED.
9 | Dated:  December 4, 2015

                                                           Troy L. Nunley
                                                           United States District Judge